**WXYZ, INC., and Michigan Association of Broadcasters, Plaintiffs,**

v.

**Michael J. HAND, District Judge, 47th Judicial Circuit Court of the State of Michigan, Defendant.**

**Civ. No. 77–72195.**

United States District Court, E. D. Michigan, S. D.

Jan. 5, 1979.

John B. Kemp, Raymond L. Morrow, Kemp, Klein, Endelman & Ralls, P. C., Southfield, Mich., for plaintiffs.

John B. Kiefer, Kiefer, Allen & Cavanagh, Detroit, Mich., for defendant.

## MEMORANDUM OPINION

CHURCHILL, District Judge.

On September 2, 1977, an individual was arrested on a charge of second degree crim-

inal sexual conduct under M.C.L.A. § 750.-520c. The accused's retained defense counsel applied for a suppression order pursuant to M.C.L.A. § 750.520k. This statute provides:

"Upon the request of the counsel or the victim or actor in a prosecution under sections 520b to 520g the magistrate before whom any person is brought on a charge of having committed an offense under sections 520b to 520g shall order that the names of the victim and actor and details of the alleged offense be suppressed until such time as the actor is arraigned on the information, the charge is dismissed, or the case is otherwise concluded, whichever occurs first."

"Actor" is defined as a person accused of criminal sexual conduct. M.C.L.A. § 750.-520a(a). "Victim" is defined as a person alleging to have been subjected to criminal sexual conduct. M.C.L.A. § 750.520a(i).[1]

It is undisputed that the defendant, in his capacity as a magistrate under the statute, issued a suppression order in statutory terms and made a public announcement that it applied to news media personnel as well as to others. Subsequently, with knowledge of the order, news commentators on a Television Station WXYZ news broadcast disseminated information in apparent violation of the order. It is also undisputed that the defendant would have taken steps to have it determined if the news commentators were in contempt of court but for the temporary restraining order and preliminary injunction issued by this Court.

The plaintiffs' motion for a partial summary judgment declaring M.C.L.A. 750.520k "to be unconstitutional under Federal and State Constitutions" and making permanent the injunctive relief previously granted by this Court's preliminary injunction was taken under advisement on briefs and oral argument.

The defendant opposes entry of a partial judgment, asserting that determination of

---

1. This is a peculiar definition. To be a "victim" within the meaning of the statute, must the victim be the complaining witness?

the constitutionality of the subject statute requires development of an evidentiary record. Although the defendant had a fair opportunity to be represented and to be heard at the hearing for a preliminary injunction, it does appear that he has not had an adequate opportunity to make an evidentiary record with respect to the constitutionality issues. The Court will, nevertheless, grant the motion for a partial summary judgment declaring the statute to be unconstitutional because it is unconstitutional on its face. No fact-findings could save it.

The First Amendment of the Constitution of the United States of America declares that "Congress shall make no law . . . abridging the freedom of speech, or of the press . . . ." This amendment applies to the states through the Fifth and Fourteenth Amendments of the United States Constitution. *Near v. Minnesota ex rel. Olson*, 283 U.S. 697, 707, 51 S.Ct. 625, 635, 75 L.Ed. 1357 (1931). Of all possible laws abridging the freedom of speech and the press, "prior restraints . . . are the least tolerable infringement . . . ." *Nebraska Press Ass'n v. Stuart*, 427 U.S. 539, 559, 96 S.Ct. 2791, 2802–03, 49 L.Ed.2d 683, 697 (1976).

■ An order issued pursuant to the statute is a classic example of a prior restraint. As such, it has a heavy presumption against its constitutionality. *Nebraska Press Ass'n, supra.*

■ The subject statute has several unique features.

1. Its apparent purpose is to create and protect a limited right of privacy of the accused actor and the alleged victim.[2]

2. The statutory plan is not well conceived to accomplish its purpose, even if constitutional. It does not restrict disclosure to news media or by news media prior to the actor's arrest.

3. The magistrate is given no discretion. The statutory duty to issue the order upon demand is absolute.

In *Nebraska Press Ass'n* the United States Supreme Court expressed real concern about the effect of unrestrained publicity upon the accused's right to a fair jury trial. The Supreme Court of the United States nevertheless concluded that the presumption of invalidity was not overcome.

The statutory plan created by M.C.L.A. § 750.520k is completely devoid of a single redeeming feature to overcome the presumption of invalidity.

It is the opinion of the Court that orders issued pursuant to the statute violate the First Amendment of the Constitution of the United States. The plaintiffs are entitled to a declaratory judgment that orders issued pursuant to the subject statute are void.

The Court is unable to determine from the record heretofore made if a permanent injunction restraining the defendant from initiating contempt proceedings is necessary in light of the declaratory judgment to be entered in this cause. Therefore, the motion for a summary judgment for a permanent injunction will be denied. The preliminary injunction heretofore issued will remain in effect until determination of this factual issue and until the further order of the Court.

### ADDENDUM

This Court is reluctant to interfere with the functions of a state court. This Court invited the Attorney General of the State of Michigan to participate in the proceedings prior to the issuance of a preliminary injunction. The invitation was declined. The office of the Prosecuting Attorney of Oakland County participated briefly and then withdrew. Pursuant to Michigan General Court Rule 797.2, this Court, on February 16, 1978, certified to the Supreme Court of the State of Michigan the following questions:

---

**2.** Protection of the identity of victims of sex crimes is an area in which the news media have traditionally exercised commendable restraint.

1. Is Section 750.520k of the Michigan Compiled Laws construed so that suppression orders issued by a magistrate pursuant thereto apply to the news media?

2. If the statute is so construed, does it violate the provisions of Sections 5 and 17, Article 1, Michigan Constitution of 1963?

By an order dated August 15, 1978, the Supreme Court of the State of Michigan declined to respond to the questions because (i) the interpretation of the Michigan statute is so closely intertwined with a federal constitutional question that it will be necessary to consider the federal question in order to decide the state law question, and (ii) the state constitutional questions parallel federal constitutional questions, and therefore the issues cannot be decided entirely as matters of state law under the procedure provided in GCR 1963, 797.2. Three justices would grant the request.